IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA BOND, | : | CIVIL ACTION NO. **1:CV-16-0318** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Saporito) |
| PNC BANK and PAUL GRISSO, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATIONS

On February 22, 2016, the *pro se* plaintiff, Pamela Bond, filed a complaint which was docketed to the above-captioned civil action. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which was granted by Order of February 23, 2016. (Doc. 5). Service of plaintiff's complaint was held in abeyance pending the required screening of her complaint.

Plaintiff is a resident of Pennsylvania. Her complaint names two defendants: PNC Bank, a corporation headquartered in Pennsylvania, and Paul Grisso, a resident of Maryland. No federal cause of action is apparent from the face of the complaint, *see generally* 28 U.S.C. §1331 *et seq.* Because the plaintiff and one of the defendants are both citizens of Pennsylvania, this Court clearly lacks diversity jurisdiction over the matter. *See* 28 U.S.C. § 1332. Moreover, based on the allegations of the complaint, the matter in controversy does not appear to satisfy the jurisdictional

minimum of $75,000.  *See* 28 U.S.C. § 1332(a).

On the basis of our screening of plaintiff's complaint, on February 24, 2016, we issued an Order directing plaintiff to show cause, within twenty-one (21) days of the date thereof, why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 6).

Plaintiff failed to timely file a response to the Order to Show Cause.  In recognition of plaintiff's *pro se* status, we issued an Order on June 8, 2016, affording her a final opportunity to file her response to the Show Cause Order on or before June 28, 2016. (Doc. 10).  The Order warned plaintiff that her failure to timely file her response to the Show Cause Order may result in a recommendation that the matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute the action and for failure to comply with an order of the Court.

To date, plaintiff has failed to comply with our Doc. 6 and Doc. 10 Orders.

**II. Discussion.**

As stated, we issued our Order to Show Cause on February 24, 2016. Plaintiff's response was due on March 14, 2016.  We *sua sponte* afforded plaintiff additional time, until June 28, 2016, to respond to the Show Cause Order.  Thus, plaintiff has had over four months to respond to the February 24, 2016 Show Cause Order. Additionally, as stated, we warned plaintiff that her failure to comply with the February 24, 2016 and June 8, 2016 Orders will result in a recommendation of

dismissal of her case. (Doc. 10).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, plaintiff has failed to both prosecute her action and to comply with the Order of this Court by her failure to timely file her response to the Show Cause Order. We shall recommend that this case be dismissed due to plaintiff's failure to prosecute it and due to her failure to comply with this Court's Orders. Plaintiff should be deemed as abandoning her action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that plaintiff's conduct clearly shows that she intended to abandon her case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Plaintiff has been afforded more than four months to respond to our February 24, 2016 Show Cause Order. Plaintiff has filed two motions with the Court since the issuance of the Order to Show Cause, to wit: her Doc. 7 motion for order to show cause and request a hearing and her Doc. 8 motion to amend/correct complaint. Neither document addresses the issue of subject matter jurisdiction which was the subject of our Order to Show Cause.

Plaintiff's behavior constitutes a wilful failure to prosecute her case, as opposed to a situation in which she has had problems in pursuing her case but made efforts to comply with this Court's February 24 , 2016 Order. We find that plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). The consequences of plaintiff's failure to prosecute her case were clearly stated in our June 8, 2016 Order, namely, we will recommend that her case be dismissed. (Doc. 10). *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The

> *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find plaintiff's stated conduct in delaying her case to be attributable to her personally. Plaintiff was required to have filed a response to the Order to Show Cause by March 14, 2016. We, *sua sponte,* afforded plaintiff additional time within which to comply with the February 24, 2016 Order. Plaintiff has filed nothing in response to the stated Order, and she has not notified the Court that she intends to pursue her action.

We find that plaintiff has caused prejudice to defendants since they have been named in a federal lawsuit and no action, including service of a proper pleading, has been made on them to date. Further, plaintiff has a significant history of dilatoriness in this case, as she failed to file briefs in support of her Doc. 7 and 8 motions.

Her present conduct in failing to prosecute her February 2016 case is further evidence of dilatoriness, especially since this case cannot proceed without her compliance with the February 24, 2016 Order.  Based on our discussion above, we find that plaintiff's conduct is wilful because she has failed to respond to the February 24, 2016 and June 8, 2016 Orders, and she has not contacted the Court to explain why she has failed to comply with the Orders.

Plaintiff has been forewarned that her failure to comply with the February 24, 2016 and June 8, 2016 Orders will result in a recommendation that her case be dismissed. As stated, this case cannot proceed without plaintiff's compliance with the February 24, 2016 Order.  Since we will recommend that plaintiff's case be dismissed without prejudice, and since plaintiff has been granted *in forma pauperis* status, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that plaintiff's failure to comply with the Court's February 24, 2016 and June 8, 2016 Orders demonstrates she has abandoned her case.

Moreover, a review of the complaint reflects that the plaintiff is a resident of Pennsylvania and the defendant, PNC Bank, is a corporation headquartered in Pennsylvania. These circumstances do not give this Court diversity jurisdiction over the matter. 28 U.S.C. § 1332. Also, the amount in controversy does not appear to satisfy the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a). Finally, no federal cause of action is apparent from the face of the complaint which would give the Court federal question jurisdiction. *See* 28 U.S.C. § 1331 *et seq.*

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of plaintiff's failure to comply with the Court's February 24, 2016 and June 8, 2016 Orders, her failure to prosecute her action, and that the Court lacks jurisdiction to hear the case.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: July 15, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA BOND, | : | CIVIL ACTION NO. **1:CV-16-0318** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Saporito) |
| PNC BANK and PAUL GRISSO, | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 15, 2016.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Joseph F. Saporito, Jr.**
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: July 15, 2016**